# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH AARON MILLER, #53198 | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-11-1587 |
| MARY SABOL, et al. | * | |
| Respondents | * | |

***

## MEMORANDUM

Respondent, the State of Maryland, through counsel has filed a response with verified exhibits seeking dismissal of Keith Aaron Miller's ("Miller") petition for writ of habeas corpus under 28 U.S.C. § 2254 as moot.[1] Upon review of the pleadings, the court finds no need for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For reasons to follow, the Petition will be DISMISSED AS MOOT.

## PROCEDURAL BACKGROUND

The instant petition was originally filed in the United States District Court for the Middle District of Pennsylvania on June 2, 2011. At that time, Miller was confined as a pretrial detainee at the York County Prison in York, Pennsylvania, on criminal charges then pending in the York County Court of Common Pleas. In his petition, Miller requested dismissal or execution of a detainer filed by Maryland authorities with the York County Prison which he alleged prevented his release on pre-trial personal recognizance. Petition, ¶¶ 7 and 10. On June 8, 2011, the United States District Court for the Middle District of Pennsylvania transferred the case to the District of Maryland.

---

[1] Petitioner, who is self-represented, was provided an opportunity to file a reply, but has not done so.

In his supplement to the petition filed on August 11, 2011, Miller indicated that he was taken into the custody of the Baltimore County Detention Center ("BCDC") [2] and claimed that he had not been timely brought to trial in Maryland on the violation of probation charge in Case No. 03-K-09-004134. The violation of probation charge provided the basis for the detainer lodged against him in York County Prison. ECF No. 7, Pet. Supplement, # 15 A and attachments.

Miller claims the State of Maryland has violated the Interstate Agreement on Detainers ("IAD"),[3] because he waived extradition to Maryland on the violation of probation charge and was not timely brought to trial. Petition, ¶¶ 7 and 11, Supplement, #15A. As relief, Miller requests dismissal of the violation of probation charge and release from custody. Pet. Supplement, # 15 and #16.

## FACTS

On April 21, 2010, Miller was convicted of theft of $500 or more in the Circuit Court of Baltimore County. Case No. 03-K-09-004134. Miller was sentenced to four years suspended and eighteen months of probation, beginning on April 21, 2010. The Circuit Court for Baltimore County dismissed by *nolle prosequi* two burglary charges against Miller the same day. Pet. Supplement, # 1-5, Respondent's Ex. 2.

---

[2] The proper party respondent as required by Rule 2(a), Rules Governing Section §2254 Cases in the United States is a petitioner's custodian. The Court will direct the Clerk to amend the docket to show James P. O'Neill, Warden of BCDC as a respondent in lieu of Mary Sabol, Warden of the York County Jail.

3 The IAD is an interstate compact which "creates uniform procedures for lodging and executing a detainer." *Alabama v. Bozeman,* 533 U.S. 146, 148. (2001). Article III of the IAD requires that a prisoner sent from the state in which he is imprisoned to a state where he faces new charges (the receiving state) be brought to trial in the receiving state within 180 days. IAD § 2 Art. III(a). Maryland and Pennsylvania are parties to the IAD. Contrary to Miller's assertions, the speedy trial provisions in the IAD do not apply to probation violation detainers. *See Carchman v. Nash,* 473 U.S. 716, 725 (1985) (Art. III of the IAD does not apply to detainers for violation of probation charges).

In November of 2010, Miller was confined in York County Prison as a pretrial detainee pending disposition of criminal charges against him in York County. At that time, the Maryland detainer was lodged against him.

On July 1, 2011, Miller was received into custody by BCDC on a bench warrant issued for violation of probation in Case No. 03-K-09-004134. Resp. Ex. 1, Affidavit of Randy T. Mentzell, Commitment Manager, BCDC. On August 12, 2011, a hearing was held in the Circuit Court for Baltimore County on Miller's violation of probation charge and the court sentenced him to serve ninety days in the BCDC. *See id.* Miller was released from BCDC on September 3, 2011.[4] *See id.* At the time of his release, Miller had no other pending charges or detainers filed with BCDC. *See id.* The Maryland Division of Parole and Probation closed Miller's probation supervision on October 3, 2011. The original eighteen-month period of probation expired on October 21, 2011. Resp. Ex. 2.

## DISCUSSION

Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corporation*, 494 U.S. 472, 477(1990); *Nakell v. Attorney General of North Carolina*, 15 F.3d 319, 322 (4th Cir. 1994). A "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis,* 494 U.S. at 477. In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973).

---

[4] Miller has not provided his current address to the court. In accordance with Local Rule, Miller was ordered to notify the court of any change of address while this case is pending. ECF No. 6.

Respondent argues the petition should be dismissed because Miller was released from custody on September 3, 2011, and his probation period ended on October 21, 2011. As such, respondent can no longer provide the redress requested in the petition, thereby rendering this matter moot. Notably, Miller does not claim continuing injury or other collateral consequence necessary to maintain this action. *See Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); *Spencer v Kemna*, 523 U.S. 1, 7 (1998).

The court declines to issue a certificate of appealability in this case. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Miller has not made the requisite showing in these circumstances.

## CONCLUSION

By virtue of Miller's release from custody and the expiration of his period of probation, respondent can no longer provide the requested relief. Accordingly, the petition will be dismissed

4

as moot by separate order.

_11/29/11_
Date

_/s/ James K. Bredar_
James K. Bredar
United States District Judge